UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARNELL EDDINS

             Petitioner,                         Case No. 2:15-cv-11082
                                                Hon. George Caram Steeh

     v.

DUNCAN MACLAREN,

             Respondent.
_____/

**OPINION AND ORDER SUMMARILY DENYING THE PETITION FOR
WRIT OF HABEAS CORPUS, AND DECLINING TO ISSUE A CERTIFICATE
OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS**

     Darnell Eddins, ("Petitioner"), incarcerated at the Kinross Correctional Facility in Kincheloe, Michigan, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On May 16, 1990, Petitioner was convicted after a jury trial in the Wayne Circuit Court of first-degree murder, MICH. COMP. LAWS § 750.316, and commission of a felony with a firearm. MICH. COMP. LAWS § 750.227b. Petitioner was sentenced to life imprisonment for the murder conviction and a two-year term for the firearm offense.

     The pro se petition raises a single claim: Petitioner was denied his right to counsel at his initial court appearance when he was arraigned on the warrant before a state magistrate judge. The petition for writ of habeas corpus will be summarily denied because Petitioner's claim is without merit. The Court will also deny Petitioner a certificate of appealability and permission to proceed on appeal in forma pauperis.

## I. Background

The petition alleges that on December 1, 1989, Petitioner appeared before a state magistrate judge to be arraigned on the warrant. The docket sheet attached to the petition indicates that Petitioner stood mute and a not guilty plea was entered for him. The court ordered that he be held without bond. Petitioner states that he was not represented by counsel at this proceeding, and that had counsel been present he could have challenged the warrant on the grounds that it was not supported by probable cause.

Petitioner does not state when or if he presented this claim to the state courts as required by 28 U.S.C. § 2254(b), but the Court may nevertheless deny relief on an unexhausted claim. See § 2254(b)(2).

## II. Discussion

Petitioner fails to state a claim upon which habeas relief can be granted. A petition for a writ of habeas corpus must set forth facts that give rise to a cause of action under federal law or it may summarily be dismissed. *Perez v. Hemingway*, 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001). Federal courts are also authorized to dismiss any habeas petition that appears legally insufficient on its face. *McFarland v. Scott*, 512 U.S. 849, 856 (1994). A federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition or the exhibits that are attached to it, that the petitioner is not entitled to federal habeas relief. *See Carson v. Burke*, 178 F. 3d 434, 436 (6th Cir. 1999); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254.

"It is beyond dispute that '[t]he Sixth Amendment safeguards to an accused who faces incarceration the right to counsel at all critical stages of the criminal process.' " *Marshall v. Rodgers*, __ U.S. __, __, 133 S.Ct. 1446, 1449, 185 L. Ed. 2d 540 (2013) (per

curiam) (quoting *Iowa v. Tovar*, 541 U.S. 77, 80-81 (2004)). The right to counsel generally applies to "the first appearance before a judicial officer at which a defendant is told of the formal accusation against him and restrictions are imposed on his liberty." *Rothgery v. Gillespie Cnty., Tex.*, 554 U.S. 191, 194 (2008).

Critical stages include those in which: (1) available defenses may be irretrievably lost, if not then and there asserted, (2) rights may preserved or lost, (3) counsel's assistance is necessary to mount a meaningful defense, (4) potential substantial prejudice may result to the defendant's case without counsel's assistance, or (5) the proceeding holds significant consequences for the accused. *Van v. Jones*, 475 F.3d 292, 312 (6th Cir. 2007).

Even assuming that Petitioner's right to counsel was violated at the arraignment, he is not entitled to habeas relief because he has not stated how he was prejudiced. With respect to an arraignment, the Supreme Court has held that the denial of counsel requires automatic reversal in only two situations: (1) when defenses not pled at arraignment were irretrievably lost, *Hamilton v. Alabama*, 368 U.S. 52, 53-54 (1961); and (2) when a full admission of guilt entered at an arraignment without counsel was later used against the defendant at trial, despite subsequent withdrawal. *White v. Maryland*, 373 U.S. 59, 60 (1963) (per curiam).

Petitioner has not alleged any harm resulted by the absence of counsel at his initial arraignment or that he made an incriminating statement at the arraignment on the warrant, entered a plea of guilty, or lost or waived any defense. His only allegation is that counsel could have challenged the probable cause to arrest him, but obviously since probable cause to proceed to trial was demonstrated at the preliminary examination, any such

argument would have been futile. As such, he fails to state a claim for habeas relief. See *Coleman v. Alabama*, 399 U.S. 1, 11 (1970); *Takacs v. Engle*, 768 F.2d 122, 124 (6th Cir.1985); *Doyle v. Scutt*, 347 F. Supp. 2d 474, 481 (E.D. Mich. 2004). Moreover, an arraignment on a warrant in Michigan is not considered a critical stage of the proceedings at which counsel is required by the Sixth Amendment. See *Lundberg v. Buchkoe*, 389 F.2d 154, 158 (6th Cir.1968).

Accordingly, Petitioner's claim is subject to summary dismissal, as other courts in this district have similarly found. See *Miller v. Haas*, Slip Copy, 2015 U.S. Dist. LEXIS 12182, 2015 WL 457787 (E.D. Mich. Feb.3, 2015); *Giles v. Haas*, 2014 U.S. Dist. LEXIS 139953, 2014 WL 4965945 (E.D. Oct. 2, 2014); *Tillman v. Haas*, 2015 U.S. Dist. LEXIS 12319, 2015 WL 457743 (E.D. Mich. Feb. 3, 2015); *Mills v. Maclaren*, 2015 U.S. Dist. LEXIS 56458, 2015 WL 1966859 (E.D. Mich. Apr. 30, 2015).

### III. Conclusion

The Court will deny the petition for writ of habeas corpus. The Court will also deny a certificate of appealability to Petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. A federal district court may grant

-4-

or deny a certificate of appealability when the court issues a ruling on the habeas petition. *Castro v. United States*, 310 F.3d 900, 901 (6th Cir. 2002).

For the reasons stated in this opinion, the Court will deny Petitioner a certificate of appealability because she has failed to make a substantial showing of the denial of a federal constitutional right. *Dell v. Straub*, 194 F. Supp. 2d 629, 659 (E.D. Mich. 2002). The Court will also deny Petitioner leave to appeal in forma pauperis, because the appeal would be frivolous. Based upon the foregoing, **IT IS ORDERED** that the Petition for a Writ of Habeas Corpus is **SUMMARILY DISMISSED**.

**IT IS FURTHER ORDERED** that a Certificate of Appealability is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner will be **DENIED** leave to appeal in forma pauperis.

Dated: September 1, 2015

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on September 1, 2015, by electronic and/or ordinary mail and also on Darnell Eddins #201035, Kinross Correctional Facility, 16770 S. Watertower Drive, Kincheloe, MI 49785.

s/Barbara Radke
Deputy Clerk